UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| KEITH MCCAA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON MARTIN, *et al.*,<br><br>Defendants. | Case No. 25-cv-10533<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(ECF NO. 17)**

## I.    Introduction

Plaintiff Keith McCaa, a pro se prisoner of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983 against Defendants Devon Martin, Terry Randolph, and two John Does, all corrections officers.  ECF No. 1.  McCaa alleges that defendants used excessive force against him in violation of the Eighth Amendment.  *Id.*, PageID.17-19.  McCaa also asserts violations of the First, Ninth, and Fourteenth Amendments.  ECF No. 5, PageID.36.

The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.

Defendants move for summary judgment for failure to exhaust administrative remedies.  ECF No. 17.  The Court **RECOMMENDS** that defendants' motion be **DENIED**.

## II.     Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light

2

most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted

3

his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive (PD) 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.  ECF No. 17-2.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues.  *Id.*, PageID.99-100, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.101, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the

4

response was due.  *Id.* at PageID.102, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a Step III grievance report showing that McCaa pursued one grievance through Step III arising from his incarceration at Saginaw Correctional Facility: SRF-22-02-0195-28e.  ECF No. 17-3, PageID.107.  That grievance, submitted two weeks after the alleged incident, claimed that Randolph and several other corrections officers assaulted and used a taser on McCaa while he was already handcuffed and laying on the floor.  *Id.*, PageID.110.  The grievance was denied at Step I as untimely, a decision that was upheld at Steps II and III.  *Id.*, PageID.108-110.  Defendants correctly argue that grievances do not exhaust a prisoner's claims if they do not comply with the procedural rules, including deadlines.  ECF No. 17, PageID.89-90; *see Belser v. Woods*, No. 17-2411, 2018 WL 6167330, at *2 (6th Cir. July 6, 2018); *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).

McCaa argues that he could not timely grieve the incident because the grievance process was unavailable.  ECF No. 19, PageID.121-123, 135-139.  "[I]f a prisoner cannot make use of the prison grievance process—if administrative remedies are unavailable—[he] is excused from

5

the exhaustion requirement." *Bailey v. Washington*, 784 F. Supp. 3d 997, 1006 (E.D. Mich. 2025). For McCaa to be excused from the exhaustion requirement, he must show that he made "affirmative efforts to comply with the administrative procedures" that were "sufficient under the circumstances." *Lamb v. Kendrick*, 52 F.4th 286, 292-93 (6th Cir. 2022) (cleaned up). Relevant here, a grievance procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* "[I]f the plaintiff contends that he was prevented from exhausting his remedies," the burden is on the defendants to "present evidence showing that the plaintiff's ability to exhaust was not hindered." *Id.* at 295.

McCaa stated in an affidavit that he was put in segregation on February 2, 2022, after defendants allegedly used excessive force against him.[1] ECF No. 19, PageID.149. McCaa says that on February 3, he spoke with Randolph about the excessive use of force and requested a grievance form. *Id.* Randolph responded that there were no grievance forms in the

---

[1] McCaa's affidavit states that it was "duly sworn" before a notary and bears the notary's signature and seal. ECF No. 19, PageID.148, 161. This is sufficient proof that the affidavit was made under oath and may be considered at summary judgment. *See Willie McCormick & Assocs., Inc. v. Lakeshore Eng'g Servs., Inc.*, No. 12-15460, 2022 WL 4104013, at *5 (E.D. Mich. Sept. 8, 2022) (collecting cases).

unit and that none would be available until the supply trucked arrived, so McCaa would need to wait until he went back to general population. *Id.*, PageID.150.  On February 4, McCaa again asked Randolph and one of the Doe corrections officers for a grievance form, but Doe stated that grievance forms were unavailable in segregation. *Id.*, PageID.150-151.  On February 6, McCaa asked a third time for a grievance form, but Doe repeated that grievance forms were unavailable in segregation. *Id.*  McCaa was released from segregation on February 16 and filed his Step I grievance the same day. *Id.*, PageID.151-152; ECF No. 17-3, PageID.110.

Although the Court granted defendants more time to prepare a reply, they have offered no evidence rebutting McCaa's affidavit.  *See* ECF No. 21.  Even if they had, any conflicting evidence would have simply posed a question of fact that could not be resolved at this stage.  *See Lamb*, 52 F.4th at 296 ("[Plaintiff's] uncorroborated affidavit is sufficient to create a genuine dispute of material fact regarding whether he" complied with the grievance process.).

The only evidence presented supports a finding that McCaa made sufficient affirmative efforts to file a timely Step I grievance but was prevented from doing so.  Making multiple requests for grievance forms to no avail satisfies this standard.  *See, e.g.*, *Peterson v. Cooper*, 463 F.

App'x 528, 530 (6th Cir. 2012); *Young v. Jackson*, No. 12-CV-12751, 2013 WL 8178397, at *8-9 (E.D. Mich. Nov. 13, 2013), *adopted in relevant part*, 2014 WL 1304605 (E.D. Mich. Mar. 31, 2014).  And "administrative remedies are not 'available' if prison employees refuse to provide inmates with necessary grievance forms when requested."  *Lamb*, 52 F.4th at 297.

Defendants also suggest that McCaa's claims should be "limited to the specific claims asserted at Step I against the individuals named or identified at Step I."  ECF No. 17, PageID.88.  True, "[t]he issues [a plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."  *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002).  But a grievance need not "allege a specific legal theory or facts that correspond to all the required elements" of an asserted claim but must only give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim."  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also Dorsey v. Audu*, No. 24-10519, 2025 WL 3029565, at *4 (E.D. Mich. Sept. 9, 2025), *adopted*, 2025 WL 3027229 (E.D. Mich. Oct. 29, 2025).  Thus, McCaa may raise any legal claims stemming from the alleged use of force on February 2, 2022.

8

PD 03.02.130(S) also requires a prisoner to name each person being grieved.  *Sullivan v. Kosaraju*, 316 F. App'x 469, 470 (6th Cir. 2009); *see also* ECF No. 17-2, PageID.99, ¶ S.  Courts have held that "fair notice" is the key to satisfying this procedural requirement.  Thus, "a grievance that does not identify a prison official by name must at least include other information identifying the official, such as the official's title or position or even the facts set forth in the grievance."  *Savoie v. Oliver*, 731 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (cleaned up).

McCaa's grievance stated that on February 2, 2022, he was the victim of excessive force by "multiple officers" along with Randolph.  ECF No. 17-3, PageID.110.  Martin and the Doe defendants were not specifically named.  Yet the grievance gave those defendants fair notice of McCaa's claims against them.  McCaa identified the prison officials' titles as corrections officers.  He also identified an isolated incident on a specific date involving the use of force against him by those officers, which the officers had to report.  Mich. Admin. Code R 791.706 ("A written report is prepared after force is used and is submitted to administrative staff for review.").  Thus, the MDOC should have been able to identify the corrections officers at issue and put them on notice of the grievance.

9

McCaa's claims against defendants stemming from their use of force against him should thus proceed.

## III.    Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment be **DENIED** (ECF No. 17).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 29, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

10

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2026.

s/Caitlin Shrum<br>
CAITLIN SHRUM<br>
Case Manager

11