105333
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MCCAA,

Plaintiff,

v.

DEVON MARTIN, *et al.*,

Defendants.

Case No. 25-cv-10533
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF NO. 33)**

---

Plaintiff Keith McCaa moves for appointment of counsel.  ECF No. 33.  Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Id*. at 606.  Appointment of counsel under § 1915(e)(1) is rare because

"there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

McCaa says that he needs counsel to assist with filing motions and conducting discovery, including McCaa's forthcoming deposition.  These are not exceptional circumstances.  The docket shows that McCaa has adequately litigated his own case, as he filed an understandable complaint, participated in an early mediation conference, and successfully opposed defendants' motion for summary judgment.  ECF No. 1; ECF No. 8; ECF No. 19; ECF No. 23.  No motions are pending, and McCaa does not explain

why he requires an attorney to assist him with discovery or his deposition. He appears aptly capable of litigating his case.

McCaa also argues that appointment of counsel is appropriate because counsel was appointed for defendants.  He is mistaken.  The Court did not appoint counsel for defendants; rather, they have retained their own attorney from the Michigan Department of Attorney General.  For these reasons, McCaa's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 9, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

3

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager