UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEITH MCCAA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON MARTIN, *et al.*,<br><br>Defendants. | Case No. 25-cv-10533<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO EXCESSIVE FORCE POLICY AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO PERSONNEL AND DISCIPLINARY RECORDS (ECF NOS. 39, 42)**

## I. Introduction

Plaintiff Keith McCaa, a pro se prisoner of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983 against Defendants Devon Martin, Terry Randolph, and two John Does, all corrections officers. ECF No. 1. McCaa alleges that defendants used excessive force against him in violation of the Eighth Amendment. *Id.*, PageID.17-19. McCaa also asserts violations of the First, Ninth, and Fourteenth Amendments. ECF No. 5, PageID.36.

The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11. Defendants move for a protective order preventing disclosure of the MDOC's use of force policy and personnel and disciplinary records. ECF No. 39; ECF No. 42. The Court **DENIES** as moot defendants' motion regarding the use of force policy and **GRANTS IN PART AND DENIES IN PART** their motion about personnel and disciplinary records.

## II. Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Under Rule 26(b)(1), "[t]he parties and courts share the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Helena Agri-*

*Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up).

Rule 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden." The movant bears the burden of showing good cause for a protective order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (cleaned up). Courts enjoy "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up). In exercising that discretion, a court must balance the competing interests and hardships of the parties. *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

**B.**

In his first requests for discovery McCaa sought "[a]ny and all policy's [sic] and directives on the use of force in the M.D.O.C." ECF No. 35, PageID.263; ECF No. 39-1, PageID.295. Defendants seek a protective order preventing disclosure of the MDOC's use of force policy, Policy

Directive 04.05.110. ECF No. 39. McCaa agrees to withdraw this discovery request. ECF No. 45, PageID.316. Thus, defendants' motion for a protective order preventing disclosure of this policy is denied as moot.

**C.**

In a second request for production of documents, McCaa sought "[e]mployee disciplinary and/or personnel records for defendants during the dates employed by MDOC." ECF No. 42-1, PageID.309. Defendants move for a protective order preventing disclosure of their personnel and disciplinary records, arguing that doing so would present security risks and that the records are irrelevant to McCaa's claims. ECF No. 42.

Defendants are correct that officers "have a constitutionally protected privacy interest in certain personal information that under certain circumstances outweighs the need for disclosure." *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 621-22 (E.D. Mich. 2019) (citing *Kallstrom v. City of Columbus*, 135 F.3d 1055, 1067 (6th Cir. 1998)). Personnel files could contain sensitive information like officers' or their family members' names, addresses, and phone numbers, which could be abused if disclosed. *Id.* at 622; *Baker v. Cnty. of Missaukee*, No. 1:09-cv-1059, 2013 WL 5786899, at *19 (W.D. Mich. Oct. 28, 2013). McCaa says that he does not seek generalized personnel records containing sensitive information

such as defendants' medical records, addresses, or information about family members. ECF No. 47, PageID.324-325. Thus, full personnel records need not be produced.

McCaa instead seeks information about prior misconduct complaints against defendants and their disciplinary records. *Id.* Disciplinary records of officers sued for alleged misconduct, including excessive force, are discoverable in a civil lawsuit under Rule 26(b)(1). *Herman v. Hawkins*, — F. Supp. 3d — , 2026 WL 1963031, at *4 (E.D. Mich. July 7, 2026); *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 622 (E.D. Mich. 2019); *Schuh v. Clayton*, No. 20-10468, 2021 WL 3489695, at *7 (E.D. Mich. Aug. 9, 2021); *Linden v. City of Detroit*, No. 2:19-CV-13684, 2021 WL 2525438, at *2 (E.D. Mich. June 21, 2021). In fact, "misconduct, use of force, and other investigatory reports are routinely produced in prisoner lawsuits against prison officials." *Herman*, 2026 WL 1963031, at *5 (collecting cases). That is because "[p]rior complaints against a corrections officer involving misconduct similar to that alleged here is relevant and discoverable regardless of whether the complaints were substantiated." *Chrivia v. Reed*, No. 25-11174, 2026 WL 1693872, at *3 (E.D. Mich. June 11, 2026); *Schuh*, 2021 WL 3489695, at *7.

Defendants must produce documents about all excessive force claims made against them. Sensitive information, including other prisoners' or corrections officers' names or personal information, may be redacted. Defendants contend that they have no "disciplinary actions that are related to this event, nor from other excessive force complaints, and so there are no relevant documents to produce." ECF No. 42, PageID.305. They also provided McCaa a copy of the investigatory report about the incident at issue in the complaint. ECF No. 48, PageID.329.

These statements do not satisfy defendants' discovery obligations. First, defendants must certify under Rule 26(g) that their discovery responses are complete and correct to the best of their knowledge after reasonable inquiry. Fed. R. Civ. P. 26(g)(1)(A). Second, defendants must produce documents concerning *all* excessive force complaints made against them, no matter if they were substantiated or resulted in disciplinary action. *See Wilson v. Hill*, No. 2:08-CV-552, 2010 WL 5014486, at *3-4 (S.D. Ohio Dec. 30, 2010) ("[D]iscovery of both 'accusations' and 'actual instances' of other instances of excessive force by Defendant Hill, if any, will be permitted.").

## III. Conclusion

The Court thus **DENIES** as moot defendants' motion regarding the use of force policy (ECF No. 39) and **GRANTS IN PART AND DENIES IN PART** their motion about personnel and disciplinary records (ECF No. 42). Defendants need not produce their full personnel records but must produce documents about all excessive force claims made against them, with sensitive information redacted.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager